# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS C. BINDER,<br><br>      Plaintiff,<br><br>v.<br><br>PPL SERVICES CORP.,<br><br>      Defendant | NO. 06-CV-2977 |

**HENRY S. PERKIN**                              November 5, 2009
**United States Magistrate Judge**

## MEMORANDUM

    This matter is before the Court on Defendant PPL Services Corporation's Motion for Summary Judgment filed July 24, 2009. Plaintiff's Memorandum of Law in Opposition to Defendant PPL Services Corp.'s Motion for Summary Judgment was filed August 17, 2009. With leave of Court, PPL Services Corporation's Reply Brief in Support of Motion for Summary Judgment was filed September 1, 2009. Plaintiff's Clarifying Memorandum of Law in Opposition to Defendant PPL Services Corp.'s Motion for Summary Judgment was filed October 21, 2009. On October 21, 2009, the Court held a telephone conference call with counsel for both parties on the record regarding Defendant's motion. Following the conference, on October 27, 2009, Defendant PPL's Supplemental Memorandum of Law in Further Support of Motion for Summary Judgment was filed. Plaintiff Thomas C. Binder's Supplemental Memorandum of Law in Opposition to PPL's Motion for Summary Judgment was filed October 28, 2009. Having reviewed and considered the contentions of the parties as well as the argument during the telephone conference call on the record, the Court is prepared to rule on this matter.

**Procedural History**

On July 7, 2006 Plaintiff Thomas C. Binder ("Binder") initiated this matter by filing a Complaint against Defendant PPL Services Corporation ("PPL").[1] On September 28, 2006, Binder filed a two-count First Amended Complaint. On September 18, 2007, PPL filed its answer to the Amended Complaint.[2]

Count I of Binder's First Amended Complaint asserts a federal law cause of action pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA")[3] and a pendent state law cause of action pursuant to the Pennsylvania Human Relations Act ("PHRA").[4] Count II asserts retaliation in violation of the ADA and the PHRA.

**Background**

As noted below, the pertinent facts upon which the ruling on this summary judgment motion was based were derived from the record papers, exhibits, depositions, concessions of the parties in their briefs and during argument on the record, and Defendant PPL Services Corp.'s Statement of Material Facts filed July 24, 2009.

By Amended Rule 16 Status Conference Order of the undersigned dated March 24, 2009, any party in this litigation filing a motion for summary judgment was required to file a

---

[1] Plaintiff filed his Complaint in this matter against Pennsylvania Power & Light Company. According to the pleadings, however, Defendant was incorrectly designated by Binder. See Dkt. No. 17. Accordingly, we will refer to the Defendant as PPL Services Corporation throughout this Memorandum.

[2] Prior to filing its answer in this matter, PPL filed a motion to dismiss which was granted in part and denied in part by the Honorable James Knoll Gardner. More specifically, on August 31, 2007, Judge Gardner dismissed Binder's claims for compensatory (Count I) and punitive (Counts I and II) damages contained within his First Amended Complaint. The remainder of PPL's motion to dismiss was denied. See Dkt. No. 15.

[3] Act of July 26, 1990, P.L. 101-336, 104 Stat. 327, 42 U.S.C. § 12101, *et seq*.

[4] Act of October 27, 1955, P.L. 744, No. 222, §§ 1-13, as amended, 43 P.S. §§ 951-963.

brief, together with "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." See Docket No. 48. The concise statement of facts was required to be supported by citations to the record.

In addition, this Court's Status Conference Order provided that any party opposing a motion for summary judgment was required to file a brief in opposition to the motion and

> a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the moving party], as to which it is contended that there exists a genuine issue to be tried.

See Docket No. 48. Moreover, our Status Conference Order provided that "[a]ll material facts set forth in the statement required to be served by the moving party may be taken by the Court as admitted unless controverted by the opposing party." See Docket No. 48.

In this case, PPL filed a concise statement of facts in support of its motion. However, Binder did not file any concise statement *in opposition to* PPL's concise statement in the manner set forth in our March 24, 2009 Order. Accordingly, the factual assertions set forth by PPL in its statement filed July 24, 2009 are deemed admitted.[5] See Kelvin Cryosystems, Inc. v. Lightnin, No. Civ.A. 03-881, 2004 U.S. Dist. LEXIS 23298 (E.D. Pa. November 15, 2004)(Gardner, J.); Higgins v. Hosp. Cent. Servs., No. Civ.A. 04-74, 2004 U.S. Dist. LEXIS 24907 (E.D. Pa. Dec. 9, 2004)(Gardner, J.).

---

[5] Rather than respond to PPL's statement of facts, Binder filed, contra to this Court's scheduling order, his own statement of facts on August 17, 2009. See Dkt. No. 61. We note, however, that Binder's statement of facts does not address his exhaustion of administrative remedies. Because exhaustion is a prerequisite to bringing suit, and because we conclude, *infra*, that Binder failed to properly exhaust his administrative remedies, we include in this memorandum only those facts which pertain to Binder's administrative filings.

Our requirement for a concise statement and a responsive concise statement is consistent with Rule 56 of the Federal Rules of Civil Procedure. In addition Rule 83(b) of the Federal Rules of Civil Procedure provides that:

> A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or local district rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

Thus, even if our requirement for a separate concise statement is not consistent with Rule 56, we gave Binder actual notice of our requirement, and he did not comply. Kelvin Cryosystems, Inc., *supra*.

## **Facts**

Based upon the record papers, exhibits, depositions, and PPL's concise statement of facts, the pertinent facts are as follows:

On March 18, 2002, the EEOC received from Binder "Allegations of Employment Discrimination" and "ADA Intake Questionnaire" documents (collectively referred to as "March 2002 correspondence"). Following receipt of these documents, on May 20, 2002, Karin Porter, on behalf of the EEOC, wrote to Binder. In this letter, the EEOC, through Ms. Porter, advised Binder that the March 2002 correspondence provided insufficient information for the EEOC to file a charge of employment discrimination on his behalf, and that "additional information" was "needed" before the EEOC could pursue the matter further.

The summary judgment record does not contain any evidence that the EEOC took any further action in connection with Binder's March 2002 correspondence after Ms. Porter's

May 20, 2002 letter to Binder. In fact, the parties agreed, during the conference on the record, that the EEOC never issued a Charge of Discrimination, Notice of Charge of Discrimination or right-to-sue letter based on Binder's March 2002 correspondence with the EEOC. See Transcript of October 21, 2009 Status Conference ("Transcript") (Dkt. No. 74) at 3-5. Consequently, there was no notice to PPL and the EEOC did not conduct any investigation with respect to these documents.

On April 14, 2003, Binder completed and signed a Pennsylvania Human Relations Commission IN-4 Form General Questionnaire ("PHRC Questionnaire"). The PHRC Questionnaire is time-stamped as having been received by the PHRC on April 29, 2003. On the PHRC Questionnaire, Binder checked off the boxes for religious creed discrimination, ancestry discrimination, age discrimination, and retaliation. Binder did not check the box for disability discrimination nor did he specifically allege that PPL discriminated against him because of a disability anywhere in the PHRC Questionnaire.

On April 30, 2003, Amber Zerby, an Intake Division employee with the PHRC, wrote to Binder acknowledging receipt of his PHRC Questionnaire. More specifically, the letter to Binder advised him that

> This is to acknowledge receipt of your questionnaires in the Harrisburg Regional Office.
>
> Because of our backlog, it will be approximately **two (2) months** until your questionnaires are assigned to one of our Intake Representatives to draft a complaint.
>
> As you can see from the enclosed booklet, the process is lengthy and since the questionnaires have to be drafted into a formal complaint, you may want to call us for an Intake Appointment in the Harrisburg Regional Office. . . .

**We are in receipt of your questionnaires as of April 29, 2003.**
(emphasis in original).

Binder verified, with his signature, a PHRC Amended Complaint on August 10, 2003, which was received by the PHRC on August 14, 2003. The PHRC Amended Complaint contains three counts alleging, respectively, age, religious and ancestry discrimination. The PHRC Amended Complaint neither references nor alleges disability discrimination or retaliation. The PHRC assigned the PHRC Amended Complaint, Case No. 200208726 and it was dual filed with the Equal Employment Opportunity Commission ("EEOC") and assigned EEOC No. 17FA460100.[6] According to the Certificate of Service attached to the Amended Complaint, the PHRC served a copy of the PHRC Amended Complaint on PPL and Binder on October 23, 2003. PPL received the PHRC Amended Complaint and PHRC Questionnaire on October 27, 2003.

On December 14, 2005, the PHRC sent its Findings of the Investigation to Binder. The PHRC investigated only the allegations of discrimination asserted in the PHRC Amended Complaint, namely, age, religious and ancestry discrimination. With respect to the alleged age discrimination, the PHRC, after investigation, found no probable cause because:

> There is no evidence that the Complainant was 'forced' to retire due to his age. After it was determined, by periodic medical evaluations, that [Binder] was unable to work for a prolonged period of time, his sick benefits were exhausted and he was faced with the option of retiring, which would preserve his retirement benefits, or being terminated. It must be agreed that the only reasonable and beneficial option would be to retire in view of the fact that his return to work was medically ruled out.

---

[6] A Notice of Charge of Discrimination was subsequently issued by the Philadelphia District Office on October 23, 2003.

The PHRC, after investigation, also determined that no probable cause of discrimination existed with respect to Binder's claims of religious creed and ancestry discrimination. The PHRC's Findings of the Investigation do not discuss or mention disability discrimination or retaliation.

By letter dated December 23, 2005, Binder submitted additional information to the PHRC. The additional information that Binder supplied to the PHRC in December 2005 did not reference or allege disability discrimination or retaliation. On December 29, 2005, Stephen J. Richards, a Human Relations Representative of the PHRC, wrote to Binder stating that the additional information did not "substantially alter the no probable cause finding in this matter…."

On April 5, 2006, the EEOC served Binder with its Dismissal and Notice of Rights indicating that it was closing its file (EEOC No. 17FA460100) because it had adopted the findings of the PHRC that investigated his charge of age, religious and ancestry discrimination. Thereafter, on July 7, 2006, Binder initiated this cause of action, attaching the April 5, 2006 "right to sue" letter served on him by the EEOC.

### Standard of Review

Subject matter jurisdiction over the alleged violations is proper pursuant to 28 U.S.C. § 1331. Because Binder's state law claims form part of the same case or controversy, subject matter jurisdiction over the PHRA claims are proper pursuant to 28 U.S.C. § 1367(a).

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is

7

so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson, 477 U.S. at 249. A factual dispute is material only if it might affect the outcome of the suit under governing law. Id. at 248.

To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather that party must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Similarly, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989)(citing Celotex, 477 U.S. at 325). The non-moving party has the burden of producing evidence to establish *prima facie* each element of its claim. Celotex, 477 U.S. at 322-323. If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. Id. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987). When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' - that is, pointing out to the District Court - that there is an absence of evidence to support the non-moving party's case." Jones v. Indiana Area Sch. Dist., 397 F. Supp.2d 628, 642 (W.D. Pa. 2005) (quoting Celotex, 477 U.S. at 325).

**Discussion**

As a general rule, a plaintiff alleging employment discrimination cannot bring claims in federal court that were not first included in an EEOC charge and exhausted at the administrative level.[7] See Burgh v. Borough Counsel of Montrose, 251 F.3d 465, 469 (3d Cir. 2000). The Court of Appeals for the Third Circuit has recognized that this exhaustion requirement serves two purposes:

> First, it puts the employer on notice that a complaint has been lodged against [it] and gives [it] the opportunity to take remedial action. Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of seeking to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir. 1983). To determine whether a plaintiff has exhausted his administrative remedies, courts examine whether the acts alleged in the subsequent suit are fairly within the scope of the prior administrative charges or the investigation arising therefrom. Antol v. Perry, 82 F.3d 1291, 1295 (3rd Cir. 1996).

From the papers submitted by the parties in connection with the present motion, it is evident that Binder filed his PHRC Questionnaire on April 14, 2003.[8] Thereafter, a charge of

---

[7] The administrative Charge must be filed with the EEOC within the statutory time period, which in Pennsylvania is three hundred (300) days. Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000); see also Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006); see also 42 U.S.C. § 2000e-5(e)(1); and 42 U.S.C. § 12117(a).

[8] The PHRC Questionnaire contained in the summary judgment record follows a one-page document entitled Complaint. This one-page document contains a short statement of jurisdiction, and identifies the PHRC and EEOC case numbers as well as the parties to the action. This document, and the PHRC Questionnaire for that matter, were not verified by Binder, nor do they contain any certificate of service. Neither document was responded to by PPL. According to the April 30, 2003 letter from Amber Zerby, an Intake Division employee with the PHRC, to Binder, the PHRC itself did not treat Binder's PHRC Questionnaire as a formal complaint or charge of discrimination. More specifically, the letter indicated that it would be some period of time before Binder's questionnaires would be "assigned to one of [its] Intake Representatives to draft a Complaint."

9

discrimination, in the form of his PHRC Amended Complaint, was verified by Binder on August 10, 2003, and received by the PHRC on August 14, 2003. The PHRC assigned the PHRC Amended Complaint, Case No. 200208726 and it was dual filed as a notice of charge of discrimination with the EEOC and assigned EEOC No. 17FA460100. The PHRC Amended Complaint was served on Binder and PPL as the formal charge on October 23, 2003. The EEOC issued a "right to sue" letter on April 5, 2006 notifying Binder that it was closing its file because it had adopted the findings of the PHRC that investigated his charge. Binder initiated the matter before this Court on July 7, 2006, attaching the "right to sue" letter obtained from the EEOC.

With respect to the disability discrimination and retaliation claims before this Court, we note that Binder's PHRC Questionnaire makes no reference to these claims, other than having the box for retaliation checked off, nor does it provide facts which would support a finding of disability discrimination or retaliation. The PHRC Amended Complaint, which we consider to be the formal charge document, signed by Binder on August 10, 2003, likewise contains no reference to a disability discrimination or retaliation claim, nor does it state facts which would support a finding of disability discrimination or retaliation. To the contrary, the PHRC Amended Complaint explicitly alleges three counts - age, religious and ancestry discrimination.

To the extent that Binder argues that his claims of disability discrimination and retaliation are set forth in the PHRC Questionnaire, we conclude, as many other courts in this

---

Based on the foregoing as well as applicable case law, discussed *infra*, this Court does not consider either the one-page document entitled Complaint, or the PHRC Questionnaire, to be the official charge document of the PHRC. Rather, this Court considers the PHRC Amended Complaint, which was dual filed with the EEOC on October 23, 2003, to be the official charge document.

10

Circuit have, that allegations set forth in a questionnaire are insufficient to satisfy the exhaustion requirement. Rather, the allegations must appear in the formal charge signed by the claimant and served on the respondent. Wilson v. Young Windows Inc., 2009 U.S. Dist. LEXIS 18835, at *22 (E.D. Pa. March 3, 2009); Yang v. AstraZeneca, 2005 U.S. Dist. LEXIS 1825, at *9 (E.D. Pa. February 10, 2005).

Courts in this Circuit have uniformly held that intake questionnaires do not serve the same function as the formal charge, are not part of the formal charge, and therefore do not satisfy the exhaustion requirement in circumstances where a claim marked off in the questionnaire is omitted from the charge and where the EEOC or other state administrative commission does not investigate the omitted claim. See Rajoppe v. GMAC Corporation Holding Corp., 2007 U.S. Dist. LEXIS 18956, at *22-23 (E.D. Pa. March 19, 2007); Johnson v. Chase Home Fin., 309 F. Supp. 2d 667, 672 (E.D. Pa. 2004)("check" in box for retaliation on questionnaire is insufficient to satisfy the exhaustion requirement); Phillips v. DaimlerChrysler Corp., No. 01-247, 2003 U.S. Dist. LEXIS 23941, at *6 (E.D. Pa. Mar. 27, 2003). The Court also finds the reasoning in Rogan v. Giant Eagle, Inc., convincing:

> If we made the allegations in the intake questionnaire part of the charge itself, and therefore permitted the plaintiff to pursue claims made only in the questionnaire and not investigated by the EEOC, we would be circumventing the role of the Commission as well as depriving the defendant of notice of all claims against it.

113 F. Supp. 2d 777, 788 (W.D. Pa. 2000)(concluding plaintiff failed to exhaust her administrative remedies where claims of harassment and retaliation were included in intake questionnaire but omitted from charge).

In this case, Binder did not check off the box for disability discrimination on his PHRC Questionnaire. Although the box for retaliation is checked, it is of no import based on the cases cited above. The narrative section in the PHRC Questionnaire is devoid of any specific allegations of disability discrimination or retaliation on account of disability. Moreover, both of these claims were omitted from Binder's PHRC Amended Complaint, which is the formal charge in this matter. In short, this Court notes that the allegations contained in the PHRC Questionnaire are nebulous and do not manifest an intent on the part of Binder to pursue either a disability discrimination claim or a claim for retaliation on account of disability. Accordingly, it is not reasonable to expect that the PHRC would investigate a disability discrimination claim or a claim for retaliation on account of disability based on the PHRC Questionnaire. See Johnson, 309 F. Supp. 2d at 672. In fact, the PHRC, as evidenced by its Findings of the Investigation, did not conduct any investigation with respect to these claims.

More importantly in this matter, we note that Binder did not include any allegations of disability discrimination or retaliation in his formal charge, the PHRC Amended Complaint, which he reviewed and signed on August 10, 2003.[9] Indeed, as the parties agreed during this Court's argument on the record, the narrative of the charges contained in the PHRC Amended Complaint are devoid of any allegations of disability discrimination or retaliation.[10]

---

[9] This Court presumes that Binder saw no reason to make any corrections to the PHRC Amended Complaint. According to the Verification attached to the PHRC Amended Complaint, Binder's signature attests that

> I hereby verify that the statements contained in this complaint are true and
> correct to the best of my knowledge, information, and belief. . . .

The pleadings in this case do not allege that the formal charge, i.e. the PHRC Amended Complaint, was in any way flawed, and Binder does not contend that the PHRC or EEOC omitted a necessary factual basis for his claims.

[10] Counsel for Binder also admitted that the PHRC Amended Complaint did not "refer or even infer that there was a prior statement of charge relative to disability discrimination." See Transcript at 13.

See Transcript at 13. In view of the total absence of any allegations of disability discrimination or retaliation made by Binder in the PHRC Amended Complaint, the Court finds that any investigation could not "reasonably be expected to grow [into allegations of disability discrimination or retaliation] out of the charge of discrimination" in this matter. Johnson, 309 F. Supp. 2d at 672.

Looking at the PHRC Findings of the Investigation, it is clear that the PHRC only investigated claims of age, religious creed, and ancestry discrimination in this matter. Each of these claims are explicitly enumerated in the Findings of the Investigation and each claim is discussed in its own separate section. There is no mention of disability discrimination or retaliation. The EEOC adopted the PHRC's Findings of the Investigation in issuing its "right to sue" letter dated April 5, 2006. The EEOC did not conduct its own investigation.

Disability discrimination and retaliation clearly do not fall within the scope of the PHRC Amended Complaint or the investigation which stemmed therefrom. We conclude that the PHRC, and the EEOC for that matter, as well as PPL were not put on notice of a disability discrimination claim or a claim for retaliation on account of disability. The purpose of requiring exhaustion is to afford the EEOC or other state administrative commission, in this case, the PHRC, the opportunity to settle disputes through conference, conciliation, and persuasion, thereby avoiding unnecessary action in court. Antol, 82 F.3d at 1296. Accordingly, Binder's claims of disability discrimination and retaliation must be dismissed on account of his failure to exhaust administrative remedies.

An Order follows.